QUESTION: Does the language contained in the second sentence of s. 83.695(1), F.S., created by Ch. 74-160, Laws of Florida, apply only to tenancies involving occupancy beginning after January 1, 1975, and not to tenancies existing upon that date?
SUMMARY: Pending legislative or judicial clarification, the language contained in the second sentence of s. 83.695(1), F.S., created by Ch. 74-160, Laws of Florida, applies only to tenancies involving occupancy beginning after January 1, 1975, and does not apply to tenancies existing on that date. Section 83.695(1), F.S., reads as follows: (1) No tenancy, except one of transient occupancy, of any person owning a mobile home who hereafter rents, leases or occupies real property in a mobile home park for a valuable consideration shall be enforceable or be terminated by the landlord unless, prior to occupancy, the tenant has been offered a written lease as herein provided. In the event a tenant does not enter into a written lease or upon the expiration of a written lease the tenancy may only be terminated in accordance with the provisions of s. 83.69, which section is cumulative of all other sections in this part and shall be deemed to supersede any provisions in conflict therewith. (Emphasis supplied.) Your question is answered in the affirmative. The primary guide to interpretation of a statute is to determine the purpose of the Legislature in enacting the statute, 30 Fla. Jur. Statutes s. 77. The arrangement of the sentences and paragraphs in s. 83.695, F.S., must be presumed to have been intentional on the part of the Legislature. Subsection (1) is limited to "any person owning a mobile home who hereafter (after January 1, 1975) rents, leases or occupies real property in a mobile home park for a valuable consideration . . . ." (Emphasis supplied.) Subsection (2) applies only to a "tenancy existing upon the effective date of this act [January 1, 1975] . . . ." Subsection (1), in the first sentence, requires that a landlord offer a tenant a written lease "prior to occupancy." Thus it is apparent that subsection (1) was intended by the Legislature to apply only to a person owning a mobile home who, after January 1, 1975, moves the mobile home to a mobile home park and thereafter "occupies" the home and the real estate leased. Subsection (2) was designed to apply to all mobile home tenants already in occupancy on January 1, 1975, pursuant to existing leases. The second sentence of subsection (1) is intimately connected in logic with the first sentence, and pending legislative or judicial clarification, must be read only in conjunction with the first sentence of subsection (1). The first sentence of subsection (1) mandates that landlords after January 1, 1975, offer new tenants a written lease "prior to occupancy." Pursuant to the second sentence, if the tenant (which must mean a new tenant initially beginning occupancy after January 1, 1975) does not enter into a written lease, or if the written lease expires, then the tenancy may be terminated only in accordance with s. 83.69, F.S., which establishes limited grounds for eviction of a tenant. Had the Legislature intended to apply the eviction procedures of s. 83.69, F.S., to leases existing on January 1, 1975, then the second sentence of subsection (1) would have been located in another subsection and would have clearly related to the tenancies covered by both subsection (1) and subsection (2). Indeed, had the Legislature omitted the words "prior to occupancy" from subsection (1), subsection (1) may have been construed to apply to all tenancies after January 1, 1975, whether created by new or continued occupancy after that date. Of course, if the words "prior to occupancy" were deleted, some new language would have to be provided to establish the time when the landlord would be required to offer a written lease. The question is not altogether free from doubt, however, and I might note that the title to Ch. 74-160, Laws of Florida, creating s. 83.69, F.S., provides: AN ACT relating to mobile home parks; creating Section 83.695, Florida Statutes, 1973, offering written leases to mobile home tenants, providing application of s. 83.69, Florida Statutes, upon expiration of lease or failure to enter into lease agreement . . . . It was stated in State ex rel. Szabo Food Service, Inc. of N.C. v. Dickinson, 286 So.2d 529 (Fla. 1973) that: (A) more important circumstance shedding light on the legislative intent is the title . . . as the title may be considered in an effort to aid interpretation. As you will note from the above-quoted title, the act provides, ". . . an application of s. 83.69, F.S., upon expiration of lease or failure to enter into lease agreement . . . ." There is no reference to existing leases or new leases, only reference to a "lease." Since the Legislature is now in session, perhaps the ambiguity in s. 83.695, F.S., may be clarified.